## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.

NATASHA VAN WYHE

       Plaintiff,

vs.

STATE FARM AUTOMOBILE INSURANCE COMPANY,

       Defendant.

## COMPLAINT

Plaintiff Natasha Van Wyhe, through counsel, for her Complaint against the Defendant, states and alleges as follows:

## **PARTIES**

1    Plaintiff Natasha Van Wyhe is a resident of Ft. Collins, Colorado.

2.    State Farm Mutual Automobile Insurance Company ("State Farm") is a stock insurance company, licensed by the Commissioner of Insurance to write policies in the State of Colorado, whose domicile and principal place of business are located at One State Farm Plaza, Bloomington, Illinois, 61710.

## **JURISDICTION AND VENUE**

3.    The events given rise to this action occurred in Larimer County, Colorado.

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are residents of different states and the amount in controversy exceeds $75,000.

## BACKGROUND

5.      Plaintiff Natasha Van Wyhe (hereinafter "Plaintiff") brings this action for compensatory and statutory damages arising from a collision which occurred on July 28, 2015 in Ft. Collins, Colorado.  Plaintiff seeks the benefit of her underinsured motorist policy with Defendant State Farm as well as compensatory damages and statutory benefits.

## GENERAL ALLEGATIONS

6.      On or about July 28, 2015, Plaintiff Natasha Van Wyhe was stopped in traffic in a Volkswagen Touareg on Harmony Road, when she was struck by Fioreamante Bernardo, driving a Ford F350 pick-up truck.

7.      The impact of Mr. Bernardo's vehicle into Plaintiff caused multiple, severe injuries to Ms. Van Wyhe.  Ms. Van Wyhe's injuries from this crash include, but are not limited to, a labral tear in her hip, knee pain, back pain and neck pain.

8.      Mr. Bernardo was insured through USAA General Indemnity Company and carried liability insurance with limits of $30,000.00.

9.      The owner of the Volkswagen Touareg, Mark Gullett, was insured through Metlife Casualty Insurance Company and carried underinsured motorist insurance with limits of $100,000.

10. On or about September 13, 2016, Plaintiff's counsel requested permission from State Farm to settle with USAA General Indemnity Company for policy limits.

11. State Farm gave Plaintiff's counsel permission to settle in writing on September 23, 2016 and acknowledged that the State Farm Policy "would provide excess UIM coverage" beyond the MetLife policy.

12. On or about September 13, 2016, Plaintiff's counsel requested permission from Metlife Casualty Insurance Company to settle with USAA General Indemnity Company for policy limits.

13. Metlife Casualty Insurance Company gave Plaintiff's counsel permission to settle in writing on September 16, 2016.

14. Plaintiff settled with USAA General Indemnity Company on behalf of Fioreamante Bernardo for $30,000 on or about September 29, 2016.

15. Plaintiff settled with Metlife Casualty Insurance Company on behalf of Mark Gullett for $100,000 on or about January 30, 2017.

16. On February 19, 2018, State Farm extended a settlement offer to Plaintiff in the amount of $4,500.

17. On the date of the collision, July 28, 2015, Plaintiff was insured with State Farm policy # 069146306H.

18. Plaintiff's claim number for the July 28, 2015 collision is 06-825V-097.

19.     Plaintiff's counsel gave notice of the potential for an underinsured motorist claim to State Farm by letter dated March 3, 2016, for injuries Plaintiff sustained in the crash.

20.     Thereafter, Plaintiff's counsel supplied to State Farm various medical records, medical bills, and lost wage information, among other things, which would enable State Farm to evaluate the extent of Plaintiff's injuries, damages and losses and pay out on her policy accordingly.

21.     State Farm consistently failed to properly evaluate the extent of Plaintiff's injuries, damages and losses.

22.     For the injuries Plaintiff received in the crash, Plaintiff made demand that State Farm tender its policy limits under the terms of Plaintiff's policy on August 10, 2017.

23.     Plaintiff's counsel has responded promptly to every request for information from State Farm and has been fully cooperative with State Farm.

24.     Despite the gravity of Natasha Van Wyhe's injuries, and all the information provided to State Farm, State Farm has not offered to settle the underinsured claim for more than $4,500.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Claim)

25.     Plaintiff incorporates all allegations made elsewhere in this Complaint.

26. Plaintiff settled for the policy limits of $30,000 with Fioreamante Bernardo through USAA General Indemnity Company with the approval of State Farm.

27. Plaintiff settled for the policy limits of 100,000 with Mark Gullett through Metlife Casualty Insurance Company with the approval of State Farm.

28. At all times material hereto, Plaintiff has underinsured motorist coverage with State Farm in the amount of $100,000.

29. Plaintiff's notice to State Farm of her UIM claim was timely.

30. Plaintiff's personal injury claim arising from the July 28, 2015 collision has a reasonable value in excess of $100,000 beyond the proceeds already collected and more than $230,000 total.

31. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by State Farm to Plaintiff.

32. At all times relevant to this action, State Farm owed to Plaintiff the implied duty of good faith and fair dealing with the insurance contract.

33. State Farm has breached its contract with Plaintiff.

34. As a direct and proximate result of State Farm's breach of contract, Plaintiff has incurred damages.

35. State Farm has failed to fully investigate Plaintiff's claim and has refused to offer the policy limits for the underinsured motorist benefits, which Plaintiff is entitled to, for injuries sustained in the collision.

## SECOND CLAIM FOR RELIEF

**(Bad Faith Breach of Insurance Contract)**

36. Plaintiff incorporates all allegations made elsewhere in this Complaint.

37. State Farm has a duty to deal in good faith with the Plaintiff regarding her underinsured motorist claim.

38. Plaintiff has complied with the terms of the underinsured motorist policy.

39. State Farm has breached its duty by unreasonably delaying payment of the underinsured motorist policy benefits and by unreasonably denying benefits under the underinsured motorist policy.

40. State Farm's denial of its underinsured motorist benefits is unreasonable and in bad faith and in violation of C.R.S. § 10-3-1114(4), C.R.S. § 10-3-1104 and its subparts, and other statutes and laws of the State of Colorado.

41. State Farm knew that its conduct was unreasonable and/or acted in reckless disregard of such knowledge.

42. As a direct and proximate cause of State Farm's bad faith breach, Plaintiff has suffered injuries, damages and losses.

### Third Claim For Relief

**(Violation of C.R.S. § 10-3-114, 115 and 116 *et seq* – Statutory Bad Faith)**

43. Plaintiff incorporates all allegations made elsewhere in this Complaint.

44. State Farm is engaged in the business of insurance in Colorado.

45. Plaintiff is a First-Party Claimant as defined by C.R.S. § 10-3-1115.

46. State Farm unreasonably delayed or denied payment of a claim of benefits in violation of C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

47.     The conduct of State Farm has proximately caused injuries, damages, and losses to the Plaintiff.

WHEREFORE, Plaintiff requests a judgment be entered in favor of Plaintiff, Natasha Van Wyhe, and against the Defendant, State Farm, in an amount to fairly and reasonably compensate Plaintiff for her injuries, damages and losses as set forth above; double damages and reasonable attorney fees pursuant to C.R.S. § 10-3-1116 for the applicable crash; for court costs; for expert witness fees; for statutory interest from the date of this cause of action accrued or is otherwise permitted under Colorado law; and for such other and further relief as to this Court may been just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. All economic damages caused by the July 28, 2015 collision, including, but not limited to, past and future medical expenses and lost income;

b. All non-economic damages caused by the July 28, 2015 collision and the unreasonable delay and denial of benefits by State Farm including, but not limited to, mental and emotional distress, pain and suffering, anxiety and inconvenience;

c. Compensatory damages for Plaintiff Natasha Van Wyhe's permanent physical impairment caused by the July 28, 2015 collision;

d. All statutory damages to which Plaintiff is entitled;

e. Pre- and Post- judgment interest;

f. All reasonable attorney's fees and costs allowed by law; and

g. Such other and further relief and that the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 26th day of July, 2018.

**PARKER LIPMAN LLP**

By: *s/ Daniel A. Lipman*
Daniel A. Lipman, #35046
Lorraine E. Parker, #21446
3200 Cherry Creek South Drive, Ste 520
Denver, Colorado 80209
Phone: 720-638-9424
Fax: 720-638-9423
*dan@parkerlipman.com*
lorraine@parkerlipman.com
*Attorneys for Plaintiff*

Plaintiff's Address:
5930 Southridge Greens Blvd
Fort Collins, CO 80525